is insufficient to state a cause of action, the allegation of a duty to repair being a mere conclusion.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when judgment on insufficient statement of claim not validated.* Where a statement of claim was insufficient to state a cause of action, a judgment thereon for plaintiff after a trial had in the absence of defendants could not be given vitality by the filing, with leave of court, of an amended statement of claim after the entry of judgment.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*what amendment of statement of claim not allowed after judgment.* Where the original statement of claim was insufficient to state a cause of action, an amendment is equivalent to setting up a new cause of action and is not allowable after judgment.

4. PLEADINGS, § 248*—*what amendments permitted after judgment.* Amendments of pleadings after judgment are permitted by statute for defects or imperfections in matters of form, but not as to substance.

---

Enrico Formella, trading as E. Formella & Company, Appellee, v. Durand & Kasper Company, Appellant.

Gen. No. 23,575.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 14, 1918. Rehearing denied June 24, 1918.

## Statement of the Case.

Action by Enrico Formella, trading as E. Formella & Company, plaintiff, against Durand & Kasper Company, a corporation, defendant, to recover damages for defendant's breach of contract. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FREDERICK J. KASPER, for appellant.

DE STEFANO & MIRABELLA, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 1*—*when evidence is sufficient to meet requirements of contract.* In an action by the vendee to recover damages for the vendor's failure to deliver goods called for by a written contract, evidence of tender of the purchase price by plaintiff on demanding delivery *held* sufficient to meet the requirements of the contract, there being evidence of a readiness, willingness and ability on the part of the plaintiff to take the goods, as required by Uniform Sales Act, sec. 42 [Callaghan's 1916 St. Supp. ¶ 10021(45)].

2. SALES, § 166*—*when practical construction given contract as not requiring cash on delivery.* Vendor of goods *held* to have given a practical construction to the contract as not requiring cash on delivery by extending a limited credit on deliveries made as it had done in previous dealings with the vendee.

3. SALES, § 163*—*delivery and payment as concurrent conditions.* Even though a contract for the sale of goods provided for cash on delivery, delivery and payment were concurrent conditions, and the purchaser was not required to pay unless the seller was ready and willing to deliver, under Uniform Sales Act, sec. 42 [Callaghan's 1916 St. Supp. ¶ 10021(45)].

4. CONTRACTS, § 53*—*what is equivalent to formal execution.* Even though one of the parties to a contract did not sign it, but such party held a copy of the contract and acted upon it, such action was equivalent to a formal execution.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.